## WESTERN FRUIT GROWERS, Inc. v. BEILMAN PRODUCE CO., Inc.

### Civil Action No. 1916.

District Court, M. D. Pennsylvania.
Jan. 28, 1948.

Welles, Mackie, Mumford & Law, by Charles H. Welles, III., all of Scranton, Pa., for complainant.

James P. Costello, Jr. and Israel T. Klapper, both of Hazleton, Pa., for respondent.

WATSON, District Judge.

This is an appeal by the Beilman Produce Company, Inc. from a reparation order of the Secretary of Agriculture wherein the Beilman Produce Company, Inc. was ordered to pay to Western Fruit Growers, Inc. the sum of $970.21, with Five Per Cent. (5%) interest from September 29, 1943. The appeal was taken under Section 499g of Title 7 U.S.C.A., and the case was tried de novo by this Court.

The Beilman Produce Company. Inc., hereinafter referred to as the Defendant, ordered a carload of grapes through its broker, who was also the broker for the Western Fruit Growers, Inc., hereinafter called the Plaintiff. Plaintiff confirmed the sale, and the broker issued a confirmation of sale in which the commodity was described as "One carload California U. S. #1 Juice Zinfandel Grapes 1250 lidded lugs Belcanto brand $135.00 ton FOB Calif., plus $20.00 precooling."

Upon arrival at its destination the car was inspected by the Defendant, and the broker wired the Plaintiff that the grapes contained considerable defects and that the shipment would not be accepted by the Defendant unless an allowance of $10 a ton was made in the price and the draft of the Defendant reduced accordingly. After several refusals, Plaintiff sent a telegram reading as follows according to the translation of the trade code used: "Do not want to divert elsewhere. Beilman should accept invoice. However if necessary will allow $10.00 a ton." ·

This telegram was sent to the broker on the morning of September 28, 1943. An answer from the broker to the Plaintiff was sent in the afternoon of September 28, 1943, as follows: "Answering satisfactory reduce draft Beilman $10.00 ton superb." This telegram unless otherwise explained must be construed as an acceptance of the Plaintiff's counter offer to reduce the price $10 a ton. The word "superb" simply relates to the trade name given the particular carload of grapes.

The Plaintiff then notified the broker that the draft was being reduced. However, the following day Defendant wired Plaintiff that a re-inspection of the grapes had been made and Defendant would be unable to use them at any price. No acceptance was forthcoming, so Plaintiff resold the shipment.

Plaintiff now seeks reparation in the amount of the difference between the sale price of the grapes and the net sum realized on their resale.

## Discussion.

Defendant's agent, Braddock, testified "I told him (the broker) I would take the car at the ten dollar reduction provided the Federal Government would pass the car as U. S. #1."

This statement does not agree with the wording of the telegram referred to above in which the Plaintiff was instructed by the broker to reduce the draft by $10 a ton. No condition was mentioned in that communication. Moreover, the condition testified to by Braddock was of no force or effect. The grapes were ordered as U. S. #1 at $135 a ton. If they graded that quality upon their arrival at their destination, Defendant would have been entitled to no reduction whatsoever. Defendant was powerless to accept the $10 a ton reduction on the condition the grapes were U. S. #1, since Defendant had already agreed to $135 a ton for such a commodity.

A judgment will be entered in favor of the Plaintiff for the amount of the difference between the sale price of the grapes and the net sum realized on their resale and costs, and a reasonable attorney's fee will be taxed by the Clerk against the Defendant, Beilman Produce Company, Inc.

Findings of Fact, Conclusions of Law, and directions for the entry of judgment and taxing of costs are filed herewith.

## Findings of Fact.

1. During the period covered by the Complaint, Defendant, Beilman Produce Company, Inc., was licensed under the Perishable Agricultural Commodities Act.

2. On September 21, 1943, Plaintiff quoted to the Shampanier Brokerage Company at Scranton a price of $135 a ton, f.o.b. Lodi, California, plus a precooling charge of $20 making the total price $2,233.66 for a carload of grapes.

3. Defendant, through the brokerage company mentioned above, purchased the shipment at the quoted price and a confirmation of sale issued by the broker described the commodity as "One car load California U. S. #1 Juice Zinfandel Grapes 1250 lidded lugs Belcanto brand $135.00 ton FOB Calif, plus $20.00 precooling."

4. The car arrived at Hazleton September 27, 1943; whereupon, the Defendant reported that the grapes were defective and that Defendant would not accept the shipment unless an allowance of $10 a ton was made in the price.

5. Plaintiff wired the broker on September 28, 1943, allowing a reduction of $10 a ton in the price, and, on the same day, the broker, acting for the Defendant stated that the reduction was satisfactory.

6. On September 29, 1943, Defendant wired Plaintiff that it would refuse the shipment at any price, the grapes failing to grade U. S. No. 1.

7. Plaintiff then forwarded the car load to Philadelphia where the grapes were sold for a gross price of $1,812.50. After payment of freight, icing, and other charges in the amount of $738.02, Plaintiff realized net proceeds of $1,074.48.

8. Plaintiff brought action under the Perishable Agricultural Commodities Act, and was awarded in that action a reparation order in the sum of $970.21, with interest at 5% from September 29, 1943.

9. Within thirty days after the final order of the War Food Administrator, Department of Agriculture, an appeal from the order was filed in this Court.

## Conclusions of Law.

1. A contract was made upon the acceptance by the broker of the reduced price of $125 a ton for the grapes. The acceptance was not conditioned upon the grapes being classified U. S. #1.

2. Defendant was bound by the terms of said contract.

3. Plaintiff is entitled to the amount of the difference between the sale price of the grapes and the net sum realized on their resale.

4. This case is properly before the Court, and this Court has jurisdiction under the Perishable Agricultural Commodities Act, 7 U.S.C.A. § 499g(c).

5. Plaintiff is entitled to a reasonable attorney's fee under said statute.

The Clerk of this Court is directed to enter judgment in favor of Western Fruit Growers, Inc., and against Beilman Produce Company, Inc., in the sum of $970.21, with interest at 5% from September 29, 1943, to this date, and the Clerk is further directed to tax costs and an attorney's fee of One Hundred and Fifty Dollars($150) against the Defendant, Beilman Produce Company, Inc., the attorney's fee to be paid to Welles, Mackie, Mumford and Law, counsel of record for the Plaintiff, Western Fruit Growers, Inc.